GAS RIDGE, Inc., v. SUBURBAN AGRI-
CULTURAL PROPERTIES, Inc.

No. 11232.

Circuit Court of Appeals, Fifth Circuit.

Sept. 13, 1945.

For former opinion, see 150 F.2d 363.

Arthur H. Bartelt, of Austin, Tex., for appellant.

Knox Miller, of San Antonio, Tex., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

PER CURIAM.

It is ordered that the petition for rehearing in the above entitled and numbered cause be, and it is hereby, denied.

SIBLEY, Circuit Judge (dissenting).

The trial judge in his findings of fact quotes the lease as "to continue for the term of five years from this date (December 7, 1920) and as long thereafter as oil *and* gas is produced from said leased premises by the lessee." He found that twelve oil wells and six gas wells are still producing on the lease; that it costs three times as much to operate each oil well as a gas well; and that for several years *the lease* had been operated at a loss. The Supreme Court of Texas has held that production means "in paying quantities"; so this lease was held at an end by its own terms.

In our opinion we correctly quote the lease as reading "and as long thereafter as oil *or* gas is produced," but affirm the lower court in adding as implied the words "in paying quantities," and in finding that *the lease as a whole* had not recently been paying for its operation. The motion for rehearing stresses the point that the lease continues so long as oil *or* gas is produced, the lease having been misquoted by the trial court, and the difference having been overlooked by us. I think the point is well taken. There is no fact-finding that the six gas wells operate at a loss, and the evidence does not show it. The finding is that each of the twelve oil wells costs three times as much to operate as a gas well. It may well be that the gas wells pay, and if so the lease is not at an end. Unless the lessor, who is the plaintiff, establishes that neither oil nor gas is produced in paying quantities, he is not entitled to cancel his lease. The lessee can at least operate his gas wells. I do not see that he injures the lessor by continuing to pump his unprofitable oil wells, even though he thus loses his profits on the gas. The lessor gets his royalties on both the gas and oil undiminished by the loss in producing the oil. By the terms of the lease it continues "so long as oil *or* gas is produced," at a profit as amended by the Texas court. We ought to grant a rehearing, and unless it can be demonstrated from the record that there is a loss in producing the gas also, the judgment should be reversed.